UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN LAVON GILES,

    Defendant.
_____/

Case No. 21-20398
Honorable Victoria A. Roberts

**ORDER: (1) DENYING GILES' MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR A BILL OF PARTICULARS [ECF No. 72]
AND (2) REQUIRING THE UNITED STATES TO STRIKE SURPLUSAGE
FROM THE SUPERSEDING INDICTMENT**

**I.   INTRODUCTION**

On February 17, 2022, a grand jury returned a Superseding Indictment charging Kevin Giles with two counts of sex trafficking of children; one count sex trafficking by force, fraud, and coercion; and one count of commission of a felony offense involving a minor by a registered sex offender.

Giles brings a motion to dismiss or, in the alternative, for a bill of particulars. [ECF No. 72]. Giles claims that the Superseding Indictment fails to: (1) provide him with critical information necessary to prepare his defense; (2) inform him of the charges against him; and (3) sufficiently protect him from being charged twice for the same offense.

The Court heard oral argument on August 11, 2022.

The Court **DENIES** Giles' motion.

## II. BACKGROUND

The government alleges that from February 2021 through April 2021 Giles trafficked two minor-aged girls, Minor Victim One (MV-1) and Minor Victim Two (MV-2). [ECF No. 73, PageID.348]. Giles invited MV-1 and MV-2 to live in his Detroit residence. [*Id.*]. At Giles' home, both MV-1 and MV-2 allegedly engaged in commercial sex acts and Giles took some and/or all of the proceeds from these commercial sex acts. [*Id.*].

The Government alleges that Giles also trafficked Adult Victim One (AV-1) from April 2021 to May 2021. [*Id.*]. Giles invited AV-1 to stay in his home. While AV-1 stayed at Giles' home, the Government says he used force, threats of force, fraud, and/or coercion to make her perform commercial sex dates; Giles arranged the dates, communicated with customers, and set up pricing for AV-1's commercial sex acts. [*Id.*].

## III. ANALYSIS

### A. The Superseding Indictment is Sufficient

Giles claims that the Superseding Indictment does not give him critical information necessary to prepare his defense. [ECF No. 72, PageID.329].

2

Giles also claims that the Superseding Indictment fails to inform him of the charges against him, and that the indictment lacks specificity. [ECF No. 72, PageID.335].

Additionally, Giles claims that the indictment fails to explain how he allegedly recruited, enticed, harbored, transported, provided, obtained or maintained MV-2, and the methods that he used. [ECF No. 72, PageID.338].

Finally, Giles is concerned about double jeopardy exposure. [*Id.* at PageID.339].

None of Giles' arguments persuades the Court to grant his motion.

An indictment has two constitutional requirements: "first, [it must] contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and, second, [it must] enable [a defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).

This Court has held that, "An indictment is simply the formal charge against an accused, and it is sufficient if it informs him of the charge he faces and is specific enough to prevent prosecution for the same offense." *United States v. McFarland*, No. 12-20398, 2012 WL 4953098, at *2 (E.D. Mich. Oct. 17, 2012).

Indictments are not subject to dismissal based on whether the evidence supporting the indictment is insufficient or whether the government will not be able to prove its case at trial. *Id.* Furthermore, a sex trafficking indictment that has additional details which allows a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense is constitutionally sufficient, for example, if it lists dates, location, and the particular individual affected by the alleged crime. *Id*.

The Superseding Indictment states the elements of the charges against Giles and presents him with "additional details" such as the location and dates of the offenses. Counts One and Two state: "From on or about February 1, 2021 through on or about April 10, 2021, in the Eastern District of Michigan and elsewhere, the defendant, KEVIN LAVON GILES, knowingly, recruited, enticed, harbored, transported, provided obtained and maintained, by any means, in an affecting interstate and foreign commerce Minor Victim [One/Two]." [ECF No. 60, PageID.267]. Count Three states, "From on or about April 17, 2021 through on or about May 20, 2021, in the Eastern District of Michigan and elsewhere, the defendant, KEVIN LAVON GILES, knowingly, recruited, enticed, harbored, transported, provided obtained and maintained, by any means, in an affecting interstate and foreign

commerce Adults Victim One." [ECF No. 60, PageID.268]. The Court finds these details sufficient to meet the requirements of an indictment.

Generally, an indictment is sufficient if "it set[s] forth the offense in the words of the statute itself, as long as 'those words . . . fully, directly, and expressly, without any uncertainty or ambiguity, sets forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted).

As stated above, the Superseding Indictment sets forth the words of the statute and the approximate time and place at which the offenses occurred. The statute fully and unambiguously states all of the elements of the offenses charged; nothing more is required to be in the Superseding Indictment. *McFarland,* 2012 WL 4953098 at *2.

The Court finds the Superseding Indictment to be constitutionally sufficient.

### B. A Bill of Particulars is Not Necessary

In the alternative, Giles seeks a bill of particulars. Giles says that "without clarification, there is a good chance [he] will be ill prepared for trial, and/or unfairly surprised by the evidence against him." [ECF No. 72, PageID.341]. Defense counsel requests the Court to order the government

5

to provide a bill of particulars as an alternative remedy if the Court declines to dismiss the Superseding Indictment.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him so that he can prepare for trial. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). A defendant is not entitled to discover all overt acts that might be proven at trial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

The Sixth Circuit ruled that the test to grant a motion for a bill of particulars is whether the indictment is sufficiently specific to inform the defendant of the charges against him, to protect him from double jeopardy, and to enable him to prepare for trial. *See United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986). When an indictment sets forth the charges in considerable detail, the denial of the request for a bill of particulars is proper. *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986). Furthermore, it "is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989).

As discussed above, the Superseding Indictment set forth the charges in considerable detail. It uses the words of the statute itself, and includes the dates of the offenses, the location and the victims.

Moreover, the government provided the defense with over five hundred pages of discovery, recorded interviews of Giles, body worn camera footage by the Detroit Police officers, dash and in- car camera footage, and forensic evidence which includes extractions of Giles' phones. The government also provided sensitive and confidential material for defense counsel to review: AV-1's recorded interviews; an unredacted report from Child Protective Services; online advertisements for MV-1, MV-2, and AV-1; and security camera footage collected from Giles' residence.

While the indictment does not identify MV-1, MV-2, and AV-1 by their names, Giles and defense counsel know their true identities. The government also responded to defense counsel's discovery questions and supplemental requests, and is actively working on defense counsel's most recent requests, which include additional cellphone extractions.

All of this information should allow Giles to prepare for trial and protect against double jeopardy. The government says this satisfies *Vasquez*, and the Court agrees.

The Court denies Giles' request for a bill of particulars.

### C. The Government Must Strike Surplusage from the Superseding Indictment

At the August 11, 2022 hearing, Giles argued that the language "and elsewhere" in each count of the Superseding Indictment does not sufficiently

7

protect him from the possibility of future prosecution for conduct that may have occurred outside of the Eastern District of Michigan. The Court agrees. The government must strike that language from the Superseding Indictment.

## IV.   CONCLUSION

The Court **DENIES** Giles' motion to dismiss, or in the alternative, for a bill of particulars.  The government is ordered to strike the phrase "and elsewhere" from each count in the Superseding Indictment.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  August 17, 2022