UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN LAVON GILES,<br><br>Defendant. | 2:21-CR-20398-TGB<br><br><br>**ORDER REGARDING HYBRID REPRESENTATION** |

Before the Court is correspondence from Defendant Kevin Giles, entitled "Letter" (ECF No. 168). The correspondence will be stricken. Federal law permits a criminal defendant to appear "personally or by counsel." 28 U.S.C. § 1654. This is "disjunctive; a party may either represent himself or appear through an attorney." *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982).

There is no right, constitutional or otherwise, to "hybrid representation - the representation at the same time by counsel and *pro se*." *United States v. Trapnell*, 638 F.2d 1016, 1027 (7th Cir. 1980). Therefore, as part of the latitude accorded district courts managing their dockets, courts may bar filings submitted by an individual on their own when that individual is represented by counsel. *See United States*

*v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (finding no error in the court's refusal to consider pro se motion where defendant was represented by counsel); *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.").

Future correspondence and filings are similarly barred and will be summarily stricken via Text Only Order, so long as Defendant continues to be represented by counsel.

DATED this 26th day of October, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge